# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40147
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 16, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL VASQUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-554-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Daniel Vasquez appeals his jury conviction for one count of conspiring to transport undocumented aliens within the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(A)(v)(I), and (a)(1)(B)(i) and two counts of transporting undocumented aliens within the United States in violation of § 1324(a)(1)(A)(ii), (a)(1)(A)(v)(II), and (a)(1)(B)(ii). He contends that the prosecutor engaged in multiple instances of misconduct during her rebuttal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

closing argument.  Specifically, he argues that the prosecutor (1) repeatedly attacked defense counsel's integrity, (2) materially misstated the evidence by mischaracterizing defense counsel's arguments and injecting prejudicial facts not in evidence, and (3) improperly bolstered his co-defendant's credibility. According to Vasquez, the prosecutor's misconduct warrants reversal because her remarks affected his substantial rights and the fairness, integrity, and reputation of judicial proceedings.

The district court sustained Vasquez's objection to the first instance of alleged misconduct.  Although the district court did not instruct the jury to disregard the prosecutor's remark, Vasquez did not request a curative instruction.  Thus, Vasquez "effectively received all of the relief that he requested from the district court," and the prosecutor's first remark is reviewed for plain error.  *United States v. Anderson*, 755 F.3d 782, 797 (5th Cir. 2014) (internal quotation marks and citation omitted).  Because Vasquez did not object to the other instances of alleged misconduct, those remarks are likewise reviewed for plain error.  *United States v. Vargas*, 580 F.3d 274, 278 (5th Cir. 2009).

Vasquez cannot show that the prosecutor's remarks were clearly improper.  *See id.* at 278-79.  When viewed in the context in which they were made, the remarks did not clearly amount to personal attacks on defense counsel's integrity.  *See United States v. Tomblin*, 46 F.3d 1369, 1390 & n.56 (5th Cir. 1995); *United States v. Livingston*, 816 F.2d 184, 195 (5th Cir. 1987). Further, the prosecutor's remarks did not clearly misstate the evidence; rather, they could be understood as seeking to inform the jury of the inferences and conclusions the Government wanted it to draw from the evidence and to challenge the plausibility of the inferences suggested by defense counsel in her closing argument.  *See United States v. Delgado*, 672 F.3d 320, 336 (5th Cir.

2012) (en banc); *Vargas*, 580 F.3d at 278.  Finally, the prosecutor's remarks did not clearly improperly bolster the co-defendant's credibility.  The relevant remarks could be seen as a permissible rebuttal to defense counsel's closing argument by reiterating the district court's instructions regarding the use of accomplice testimony and the lawful and accepted plea bargaining practice. *See United States v. Washington*, 44 F.3d 1271, 1278-79 (5th Cir. 1995).

Even if we were to conclude that the prosecutor's remarks were clearly improper, Vasquez cannot show that the remarks, either individually or cumulatively, affected his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *Vargas*, 580 F.3d at 278-79.  The district court repeatedly informed the jury that the lawyers' statements, arguments, and questions were not evidence and could not be considered as such during the jury's deliberations.  These instructions, although generalized, were adequate to mitigate any prejudice resulting from the prosecutor's remarks.  *See United States v. Thompson*, 482 F.3d 781, 786-87 (5th Cir. 2007); *see also United States v. Gracia*, 522 F.3d 597, 604 (5th Cir. 2008) (rejecting the defendant's contention that it was "impossible to purge the taint of a prosecutor's prejudicial comments with merely generic cautionary instructions").  The jury is presumed to have followed the district court's instructions, and Vasquez has not shown that the jury was unable to heed them.  *See Tomblin*, 46 F.3d at 1390-91.

Moreover, aside from the co-defendant's testimony directly implicating Vasquez in the alien transportation offenses, the Government introduced ample circumstantial evidence to support Vasquez's conviction.  Border Patrol agents testified that several undocumented aliens were found hidden in tractor-trailers driven by Vasquez on April 17, 2015, and May 26, 2015.  As Vasquez notes, the only contested elements at trial were whether he knew the

No. 16-40147

aliens were in the tractor-trailers and whether he knowingly entered into a conspiracy to transport the aliens. Given the similarities and close temporal proximity of the two incidents, Vasquez's degree of control over the tractor-trailers, Vasquez's inconsistent and contradicted statements to Border Patrol agents, and the implausibility that Vasquez would have been entrusted with such a valuable cargo if he had not been involved in the alien-smuggling scheme, Vasquez cannot show that the prosecutor's remarks cast serious doubt on the correctness of the jury's verdict. *See Vargas*, 580 F.3d at 278-79. Accordingly, the district court's judgment is AFFIRMED.